UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANZHELIKA KOZLOVA,
A 209-867-616,

        Petitioner,

    v.

WARDEN OF THE CALIFORNIA CITY
DETENTION CENTER, et al.,

        Respondents.

No.  1:26-cv-0499 DJC AC

ORDER &

FINDINGS & RECOMMENDATIONS

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.    Factual Background

Petitioner, Anzhelika Kozlova, a native and citizen of Russia, applied for admission to the United States on or about November 18, 2016.  ECF No. 18-1 (Declaration of Ana L. Juarez ("Juarez Decl.")) ¶ 5.  She was subsequently issued a Notice to Appear ("NTA"), charging her as inadmissible under INA § 212(a)(7)(A)(i)(I), and was paroled into the United States with reporting requirements.  ECF No. 18-2 at 2-4 (NTA), 9 (Notice of Release).

On January 5, 2024, petitioner was convicted of California Penal Code § 192(c)(2), Vehicular Manslaughter without Gross Negligence.  Id. at 17 (Form I-213, dated June 24, 2025). She was sentenced to twelve months' probation.  Id.

On June 24, 2025, Immigration and Customs Enforcement ("ICE") took petitioner into custody. Id. at 16, 19 (Notice of Custody Determination). ICE claims petitioner was taken into custody pursuant to INA § 241(a)(6). ECF No. 18-1 ¶ 9.

On August 8, 2025, after petitioner failed to submit any applications for relief from removal, an immigration judge ordered her removed to Russia. ECF No. 18-2 at 21 (Order of Immigration Judge). On August 25, 2025, ICE requested travel documents from Russian Consul General. Id. at 24 (Letter to Russian Embassy). Petitioner waived appeal of the immigration judge's removal order, id. at 22, and did not appeal the decision.[1]

In November 2025, ICE provided petitioner a decision on continued detention. ECF No. 18-1 ¶ 12; ECF No. 18-2 at 35 (Decision to Continue Detention). Petitioner was informed that she would continue to be detained based on her criminal record, pending removal from the United States, possible danger to the community, and significant flight risk. Id.

Petitioner is currently detained at California City Immigration Processing Center.[2]

II.    Procedural History

On January 21, 2026, petitioner, filed a petition for writ of habeas corpus, along with a request for injunctive relief, a motion to proceed in forma pauperis ("IFP"), and a motion for appointment of counsel. ECF Nos. 1-3. The court granted petitioner's motion to proceed ("IFP") but initially denied the motion for appointment of counsel. ECF No. 6. The latter ruling was vacated a few days later, and the motion for appointment of counsel was granted. ECF No. 8. The Federal Defender's Office was directed to identify counsel for petitioner, and counsel for

---

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited June 17, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] The court takes judicial notice of the information on the ICE Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited June 17, 2026), which confirms that as of the date of this order, petitioner remains in custody at California City Immigration Processing Center. See Fed. R. Evid. 201; O'Neill, 386 F.3d at 1224 n.2.

petitioner was instructed to file an amended or supplemental petition, if any, within a certain time. Id.

Counsel filed a supplemental petition. ECF No. 16. Respondents filed a response to the petition and supplemental petition, and petitioner filed a reply. ECF Nos. 18, 19.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV.    Petition for Writ of Habeas Corpus

The petition asserts three grounds for relief. First, petitioner alleges that her continued detention violates due process because her post-final removal order detention has extended beyond the presumptively reasonable six-month period and there is no significant likelihood that she will be removed in the reasonably foreseeable future. ECF No. 1 at 13-14. Next, she asserts that ICE's current procedures relating to the removal of persons to third countries, which provide little to no notice or process, violate due process, 8 U.S.C. § 1231, applicable implementing regulations, the Convention Against Torture ("CAT"), and the Administrative Procedures Act ("APA"). Id. at 14-15. Ground Three alleges that the third-country removal program is punitive and violates the Eighth Amendment and Fifth Amendment due process. Id. at 15-16.

By way of relief, the petition seeks petitioner's immediate release on ground one. Id. at

13-14, 19. On ground two, the petition seeks an order enjoining respondents from removing or seeking to remove petitioner to a third country without statutory and constitutional requirements. Id. 14-15, 19. On ground three, the petition seeks an order enjoining respondents from removing petitioner to a third country under respondents' third-country removal program that would result in punishment. Id. at 15-16, 19. The petition also seeks "all other relief that the Court deems just and proper." Id. at 20.

The supplement to the petition reasserts petitioner's first claim—prolonged post-final order of removal detention—and seeks petitioner's immediate release. ECF No. 16 at 6. The supplement alternatively seeks a custody redetermination hearing before an immigration judge. Id. at 7. The supplement further seeks a stay of removal pending resolution of this matter and an order requiring respondents produce "1. [petitioner's] A-file; 2. All documents related to efforts to obtain travel documents; 3. Any communications with foreign governments regarding repatriation; 4. Custody review determinations; [and] 5. Any risk assessment tools or determinations relied upon to justified continued detention." Id. at 7-9.

V.    Discussion

    A. Ground One: Prolonged Detention Violates Due Process

        1. Legal Standard

Detention of non-citizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a). The statute provides that when a non-citizen is ordered removed, they shall be removed within ninety days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). "[Section] § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). After the 90 day removal period has elapsed, ongoing detention is only authorized for "four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Id. at 578-79 (quoting 8 U.S.C. § 1231(a)(6)).

In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. "[F]or the sake of uniform administration in the federal courts," the Supreme Court recognized a period of six months to be a "presumptively reasonable period of detention." Id. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

### 2. Analysis

The parties do not dispute that petitioner is subject to detention under 8 U.S.C. § 1231(a)(6) based on her order of removal for being inadmissible; nor do they dispute that petitioner's detention post-final-order of removal has extended beyond the presumptively reasonable six-month period. Instead, they dispute whether petitioner has met her burden under Zadvydas to establish a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and if so, whether respondents have sufficiently rebutted the showing. Based on the record, the undersigned finds petitioner has met her burden, respondents have not sufficiently rebutted petitioner's showing, and petitioner is entitled to immediate release on this claim.

### a. "Good Reason to Believe"

"The 'good reason to believe' standard is not a very high bar." Sahin v. Casey, No. 3:26-cv-1078 JES BJW, 2026 WL 800558, at *2 (S.D. Cal. Mar. 23, 2026). The standard "'does not place a burden upon the detainee to demonstrate [there is] no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that.'" Nguyen v. Hermosillo, No. 2:26-cv-00335 GJL, 2026 WL 58497, at *3 (W.D. Wash. Feb. 26, 2026) (quoting Senor v. Barr, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up)); see also Freeman v. Watkins, No. CV B:09-160, 2009 WL 10714999, at (3 (S.D. Tex. Dec. 22, 2009)

(under the "good reason to believe" standard, "petitioner need not establish that there exists no possibility of removal").

Petitioner argues that her eight-month detention and the lack of any "indication that any country has agreed—or will agree—to accept Petitioner," meet the "good reason to believe" standard. ECF No. 16 at 3-5;[3] ECF No. 10 at 1-2.

In their response, respondents argue that petitioner fails to meet her burden because "[i]mmigration authorities are making efforts to obtain travel documents from Russia." Id. at 3-4. Respondents provide a declaration from a deportation officer, stating that "[o]n August 25, 2025, ICE requested travel documents from the Russian Consul General," and a copy of that request. Id. at 2; ECF No. 18-1 ¶ 11; ECF No. 18-2 at 24-31.

In reply, petitioner points out that although ICE submitted a request for travel documents in August 2025, there is no indication of any response to the requests or any efforts by ICE to effectuate her removal. ECF No 19 at 2.

The undersigned agrees with petitioner. The record of her detention, which has now reached ten months, ICE's failure to obtain travel documents during this time, and the absence of any indication that Russia or another country has agreed or will agree to accept petitioner are sufficient to meet petitioner's initial burden under Zadvydas.

Respondents also argue, citing Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), that petitioner "fails to establish that she 'is unremovable because the destination country will not accept [her] or [her] removal is barred by our own laws." ECF No. 18 at 4 (quoting Prieto-Romero, 534 F.3d at 1063). Respondents' reliance on Prieto-Romero is misplaced. That case did not announce a rule that petitioners challenging their § 1231(a) detentions under Zadvydas must

---

[3] Petitioner also argues that her removal to Russia is not significantly likely because she faces substantial risk of harm if returned to Russia. ECF No. 1 at 2; ECF No. 16 at 3-5. Based on the record before this court, it appears—and petitioner does not contest—that petitioner was afforded an opportunity to present claims for relief from removal to Russia. See ECF No. 18-2 at 21. Despite this, petitioner ultimately did not do so. Id. Her belated attempt to introduce these allegations in habeas proceedings is unavailing. To the extent these allegations are and/or were relevant, they are and/or were relevant to petitioner's claims for relief from removal to Russia, not to her prolonged detention based on a final order of removal. Accordingly, these allegations and references to evidence in her immigration records are not considered.

show that they are "unremovable because the destination country will not accept them or removal is barred by our own laws." Prieto-Romero involved an immigrant who was being detained under 8 U.S.C. § 1226(a) pending judicial review of his removal order. Id. at 1056. The Ninth Circuit held that § 1226(a), like § 1231(a), "does not authorize indefinite detention." Id. at 1063. Consistent with Zavaydas, the court also concluded that detention under 1226(a) is "limited to the 'period reasonably necessary to bring about [an] alien's removal from the United States[.]'" Id. However, the court did not purport to redefine the "good reason to believe" standard that applies to Zavaydas claims.

The language from Prieto-Romero that respondents quote is pure dicta. The court was distinguishing the situation of the petitioner before them, whose claim was based on the uncertain length of pending judicial review, from that of petitioners such as Zavaydas and Ms. Kozlova, who face genuinely indefinite detention under § 1231(a) pending removal that is not reasonably foreseeable. Id. Moreover, in Prieto-Romero the government had produced affirmative evidence that petitioner's repatriation to Mexico could be accomplished promptly upon the conclusion of judicial review. Id. The court neither discussed nor applied the "good reason to believe" standard, which was not relevant to the issues presented. Accordingly, Prieto-Romero has no application here.

Because, as discussed above, petitioner has satisfied the "good reason to believe" standard, the burden shifts to respondents to rebut.

### b. Burden to Rebut

> [T]o rebut petitioner's showing, respondents must provide something more than conclusory statements that removal is significantly likely in the reasonably foreseeable future, and/or that a request for travel documents is pending or forthcoming. Respondents must provide evidence showing *why* removal is significantly likely in the reasonably foreseeable future. Evidence showing removal is significantly likely in the reasonably foreseeable future includes showing that removal to the country of removal is common; that the United States and the country of removal have a repatriation agreement in place; that the noncitizen meets the considerations, if any, that the government of the country of removal might take into consideration when deciding whether to issue the noncitizen travel documents; and/or, if applicable, that a new request for travel documents redresses any issue with prior requests. The evidence must also provide insight regarding the expected *timing* for removal.

7

> For example, if a country of removal typically grants travel documents but it takes a year to obtain them for a noncitizen, respondents will likely be unable to show removal is significantly likely in the *reasonably foreseeable future*.

Zakeri v. Dep't of Justice, No. 2:25-cv-3187 AC, 2026 WL 1031034, at *6 (E.D. Cal. Apr. 16, 2026) (internal citations omitted) (emphasis in original).

As noted above, to support their argument that petitioner's removal is significantly likely in the reasonably foreseeable future, respondents provide a declaration from a deportation officer stating that "[o]n August 25, 2025, ICE requested travel documents from the Russian Consul General," and a copy of that request. ECF No. 18 at 2; ECF No. 18-1 ¶ 11; ECF No. 18-2 at 24-31. Without more—such evidence of a repatriation agreement or likelihood of success of future repatriation negotiations with Russia, and/or evidence of what ICE has done beyond the initial request to obtain travel documents and likelihood of success of those efforts—respondents have not satisfied their burden to rebut. See Zadvydas (the reasonable likelihood of removal in the foreseeable future analysis considers the existence or lack thereof of a repatriation agreement *and* "the likelihood of successful future negotiations"); Zakeri, 2026 WL 1031034, at *7 (sworn statement from ICE, stating that they are in the process of obtaining travel documents, without an explanation of "when the request, which has been pending nine months, might be adjudicated" or what other actions ICE has taken to effectuate petitioner's removal, is insufficient to rebut petitioner's showing).

Because respondents have failed to rebut petitioner's showing of "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," petitioner's continued prolonged detention is no longer reasonable, no longer authorized by statute, and violates the Fifth Amendment Due Process Clause.

### 3.  Remedy

The undersigned recommends the petition be granted on this claim and petitioner be immediately released under appropriate conditions of supervision. See e.g., Yang v. Warden, California City Corr. Ctr., No. 2:26-CV-00832-DAD-DMC, 2026 WL 765027, at *2 (E.D. Cal. Mar. 18, 2026) (finding "the remedy for a successful Zadvydas claim is generally release of the

8

habeas petitioner under conditions of supervision”); Celis v. Bondi, No. 2:26CV00079-GMN-DJA, 2026 WL 710961, at *4 (D. Nev. Mar. 13, 2026) (same); see also Nguyen v. Hermosillo, No. 2:26-cv-0335 GJL, 2026 WL 538497, at *5 (W.D. Wash. Feb. 26, 2026) (“The Supreme Court in Zadvydas considered conditional release the appropriate remedy once detention exceeds the period reasonably necessary to effectuate removal.” (citing Zadvydas, 533 U.S. at 699-700)).

### B.  Grounds Two and Three: Third Country Removal Violations

The petition also alleges that ICE’s current procedures relating to the removal of persons to third countries violates due process and that the program is punitive in violation of the Eighth Amendment and due process.  ECF No. 1 at 14-16.[4]

In response, respondents argue that “there is no intention, nor have any arrangements been made to have Petitioner removed to a third country” and that “[t]he petition incorrectly assumes she will be deported to a third country.”  ECF No. 18 at 1-2, 4.  Respondents do not challenge petitioner’s representations of ICE’s current third-country removal procedures.  Respondents also do not challenge petitioner’s allegations that their third-country removal policy is punitive in nature and has resulted in noncitizens being removed to countries to which they have no ties and where they have been imprisoned, and that in at least one case a noncitizen was sent to another country where he would likely be tortured.  See ECF No. 1 at 4-5.

Federal Rule of Civil Procedure 8 deems respondents’ silence on these issues as an admission.  See Fed. R. Civ. P. 8(b)(6) (“An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.”).  The undersigned is unpersuaded by respondents’ assertions that they have no intention of removing petitioner’s to a third country.  Absent an injunction, nothing would prevent respondents from releasing petitioner, re-detaining her in a different jurisdiction, and removing her under the unconstitutional procedures.

Because the facts in this case are not materially distinguishable from the facts in Pham v. Warden, No. 1:25-cv-1873 DC AC, 2026 WL 673404, at *17 (E.D. Cal. Mar. 10, 2026) and

---

[4]  Petitioner also asserts that the third country removal procedures violate 8 U.S.C. § 1231, implementing regulations, the CAT, and the APA.  In the interest of judicial economy and because it is unnecessary to address these claims, the undersigned declines to do so.

Nguyen v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-1708 AC P, 2026 WL 292874 (E.D. Cal. Feb. 4, 2026), the court adopts the reasoning in those cases and similarly finds that the third-country removal policy at issue is punitive and violates due process. A permanent injunction restraining respondents from applying the unconstitutional policy is therefore warranted.

C.   Petitioner's Request for Stay of Removal and Production of Records

As noted above, the supplement to the petition seeks a "stay of removal" pending resolution of this petition and production of records.  ECF No. 16 at 7.  Petitioner argues that a stay of removal is necessary to preserve this court's jurisdiction and protect petitioner's statutory and constitutional rights.  Id.  Petitioner argues that the records requested are necessary to evaluate whether removal is reasonably foreseeable and to ensure petitioner's constitutional rights.  ECF No. 16 at 9.

If the above findings and recommendations are adopted on grounds one and two, the court should deny petitioner's requests as moot.  Alternatively, with respect to petitioner's request for a stay of removal, the court should deny based on the court's lack of jurisdiction to review claims arising from the government's execution of removal orders.  See 8 U.S.C. § 1252(g).

D.   Petitioner's Motion to Expedite Habeas Proceedings

Petitioner filed a motion to expedite ruling.  ECF No. 21.  In light of these findings and recommendations, the motion is denied as moot.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to expedite ruling (ECF No. 21) is DENIED as MOOT.

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's petition for a writ of habeas corpus (ECF No. 1) and supplement to the petition (ECF No. 16) be GRANTED, as follows:

   a.  Respondents shall IMMEDIATELY RELEASE petitioner from custody; RETURN all of petitioner's documents and possessions upon his release from custody, and FILE a notice of compliance within three (3) days of any order

adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

    b.   Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining petitioner absent compliance with constitutional protections.

    c.   Respondents are ENJOINED and RESTRAINED from removing petitioner to a third country unless they adhere to the following procedures:

        i.   Provide petitioner and his counsel a meaningful opportunity and a minimum of ten days to raise a fear-based claim for protection prior to removal;

        ii.   If petitioner demonstrates reasonable fear of removal to the third country, respondents must move to reopen petitioner's removal proceedings; and

        iii.   If petitioner is not found to have demonstrated a reasonable fear of removal to the third country, respondents must provide a meaningful opportunity and a minimum of fifteen days for petitioner to seek reopening of his immigration proceedings.

2.   The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11